IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | | |
|---|---|---|
| WENDY A. VICKERY, | } | |
| | } | |
| Plaintiff, | } | |
| | } | CIVIL ACTION NO. |
| v. | } | 03-AR-2987-J |
| | } | |
| CAVALIER HOME BUILDERS, LLC., | } | |
| d/b/a BUCCANEER HOMES, | } | |
| | } | |
| Defendant. | } | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Wendy A. Vickery ("Vickery"), has appealed from the jury verdict and judgment entered against her in the above-styled case in which she unsuccessfully sued her employer, defendant, Cavalier Home Builders, LLC ("Cavalier"), for an alleged violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA").

Cavalier invokes Rule 7, Fed.R.App.P., seeking an order that would require Vickery to post an appeal bond.  Cavalier relies upon *Young v. New Process Steel, LP*, 419 F.3d 1201 (11th Cir. 2005), for the proposition that a trial court may not only require a cost bond from a would-be appellant, but that the bond may be of a size that includes a prospective attorney's fee for the appellee if, in the statute that created the cause of action, there is a fee shifting device that makes the fee for the prevailing party a part of the costs, and if the trial court is able to determine "that the appeal is frivolous, unreasonable or without foundation".  *Id*. at 1208.

Vickery's lawyer at trial did not file the notice of appeal. Vickery filed it *pro se* after her lawyer had sought leave to withdraw, a motion that was granted. Vickery's new counsel was present during the oral argument on Cavalier's Rule 7 motion. Vickery not only insists that her appeal is not "frivolous, unreasonable or without foundation", but that the $25,000 Rule 7 bond sought by Cavalier exceeds what would be the anticipated cost that would include a reasonable attorney's fee for defending the appeal. Instead, Vickery asserts that Cavalier's anticipated appellate attorney's fee should be no more than $4,000, that is, if a Rule 7 bond is ordered. The applicable fee shifting statute was never mentioned by either party during oral argument.

The interpretation of *Pedraza v. United Guaranty Corp.*, 313 F.3d 1323 (11th Cir. 2002), adopted by this court in *Garrett v. Board of Trustees of the University of Alabama at Birmingham*, 359 F. Supp. 2d 1200 (N.D. Ala. 2005), was rejected by the Eleventh Circuit in *New Process*. Until *New Process* was decided, this court had operated in the erroneous belief that the trial court is not called upon to prejudge the merits of an appeal as a precondition to including a reasonable attorney's fee for a winning appellee in appellant's bond. The reticence this court expressed in *Garrett* about a court from which an appeal is taken being called upon to evaluate the merits of the appeal without reading the appellant's brief is overcome by the encouragement provided by the Eleventh

2

Circuit in *New Process* which recognizes that a trial court has both the ability and the responsibility for making such a determination. *New Process* would be binding on this court even if it had not been directed at it.

The three alternative findings that can trigger the inclusion of prospective attorneys' fees for a prevailing appellee in the appellant's Rule 7 bond are (1) that the appeal is "frivolous", **or** (2) that the appeal is "unreasonable", **or** (3) that the appeal is "without foundation". Because these three possibilities are listed in the disjunctive, that is, in the alternative, it is only necessary that one of them exist before the trial court can include a prospective appellee's attorney's fee in appellant's Rule 7 bond. These three terms may have a certain kinship and represent somewhat overlapping concepts, but they are distinct. They are not synonyms for each other. If they were exactly the same, one of them would suffice. Webster defines "frivolous" as "given to trifling", or "marked with unbecoming levity", or "petty". Webster defines "unreasonable" as "irrational", or "not conformed to reason". Webster defines "groundless" (the synonym for "without foundation") as "unwarranted" or "without foundation". This court could add "foolish" or "foolhardy" without Webster's help. Vickery's appeal in this case can, without any reluctance, be described as "frivolous" and/or "unreasonable" and/or "without foundation". The reasons for this conclusion follow.

3

**Evaluating the Merits of Vickery's Appeal**

The court denied Cavalier's motion for summary judgment. The court recalls no issue being raised by Vickery during jury selection. The court recalls no substantial issue being raised by Vickery respecting the evidence offered at trial. Although not lacking in merit, neither of Cavalier's motions for judgment as a matter of law, filed pursuant to Rule 50, Fed.R.Civ.P., was granted. Vickery took no exception to the court's instructions to the jury or to the formulation of the special jury interrogatories. Vickery filed no motion for a new trial or other post-judgment motion after the verdict and judgment. During oral argument on Cavalier's Rule 7 motion, Vickery's counsel, in response to the court's question about Vickery's possible grounds for appeal, said that he needed to study the transcript before he could answer, but that one ground would be that the verdict was against the great weight of the evidence. The court thereupon expressed doubt about the weight of the evidence as a viable ground, not only because Vickery's appellate counsel was not present at trial and therefore could not know of what the evidence consisted, but that in the absence of a Rule 59, Fed.R.Civ.P., motion for new trial, there can be no appeal of an issue that the trial court never had an opportunity to address or to rule upon. *See Etienne v. Inter-County Sec. Corp.*, 173 F.2d 1372 (11th Cir. 1999). This principle is well expressed in Professor Moore's treatise as follows:

> Grounds for a new trial that arise solely in the context of posttrial proceedings must be presented to the trial court for consideration by a motion for new trial, and the failure to do so deprives the appellate court from any record that is reviewable for error.

12 James Wm. Moore, et al., *Moore's Federal Practice* ¶ 59.55 (3d ed. 2003). In all likelihood, this court would have denied a Rule 59 motion if Vickery had filed one, but the Eleventh Circuit cannot be called upon to guess about what this court would have done if Vickery had moved to set aside the verdict as contrary to the great weight of the evidence.

All in all, it is hard to imagine what grounds for an appeal Vickery can seriously assign or argue. In other words, this court has no hesitancy in finding that Vickery's appeal meets, separately and severally, all three possible criteria listed in *New Process*. The appeal is "frivolous". The appeal is "unreasonable". The appeal is "groundless".

This finding does not end the inquiry in this case. Rule 7 only allows the inclusion of a possible attorneys' fee for a prevailing appellee **if** the statute creating the cause of action upon which the appellant proceeded allows an attorney's fee to a prevailing defendant **as part of the costs**. This is the clear holding not only of *Pedraza*, but of *Garrett* and of *New Process*. There is no difference of opinion about this feature of Rule 7 consideration. Unfortunately for Cavalier, the ADA is not like Title VII or 42 U.S.C. § 1981 (the subjects of *New Process),* and

not like the Rehabilitation Act (the subject of *Garrett*). This crucial difference between these fee shifting statutes has not been pointed out by either party in this case, but the court notices it. The attorney's fee provision in the ADA is found at 42 U.S.C. § 12205. It reads as follows:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for foregoing the same as a private individual.

From this language, it can readily be seen that any attorney's fee that may be incurred by Cavalier in a successful defense of a frivolous appeal by Vickery cannot be taxed against Vickery as part of the **costs**. If awarded, **it will be in addition to, and separate from, costs**. Therefore, this court cannot include in a Rule 7 bond in favor of Cavalier any such prospective attorney's fee, no matter what its predictable amount.

Rule 38, Fed.R.App.P., parallels or complements Rule 7. Both rules are designed to discourage frivolous appeals. Rule 38 will apply here if the Eleventh Circuit agrees with this court that Vickery's appeal is frivolous. In such an event, the main problem for Cavalier will be in collecting from Vickery, who claims to be a pauper, "just damages and single or double costs", the words of Rule 38. Whether "just damages", if awarded, would include an attorney's fee for Cavalier is a question that will not be

addressed here.  Even if "just damages" were awarded, they would not be taxed as **costs**.  The court will therefore include in Vickery's Rule 7 bond only its estimate of "double costs" because "**double** costs", are still "costs" and can be reasonably anticipated.

In its order denying Vickery *in forma pauperis* status, this court, consistent with its above-stated findings, said:

> The court granted plaintiff an extension of the time within which to take an appeal based on the following allegations in her motion for an extension:
>
>> The plaintiff is in the process of meeting with attorneys to determine whether valid, appealable issues exist as a result of this Court's Order.  The plaintiff has not yet been able to find an attorney to pursue her appeal.  The plaintiff does not wish to pursue an appeal unless she can secure a lawyer to assist her with such.
>
> It appears that plaintiff has been unsuccessful in obtaining a lawyer who can fairly conclude that "valid, appealable issues exist".  The court cannot, in good conscience, grant plaintiff *in forma pauperis* status for an appeal that this court finds to be groundless.
>
> Cavalier did not request an attorney's fee in this court.  No

good deed goes unpunished.


### Conclusion

The foregoing discussion leaves the court with the task of deciding whether to fix a Rule 7 bond limited to the actual potential taxable court costs in Vickery's appeal, and the possible doubling of them pursuant to Rule 38.  After ascertaining the

7

actual cost of an appeal transcript and employing the court's general familiarity with other costs of the court, the amount of Vickery's Rule 7 bond is hereby fixed at $2,000.  The purpose of Rule 7 will be served by imposing upon Vickery such a prerequisite to prosecuting her appeal.  Therefore, Cavalier's motion for the fixing of a bond is GRANTED to the extent of ordering Vickery to post a Rule 7 appeal bond in the amount of $2,000, with a corporate surety and in a form to be approved by the Clerk.  Unless such a bond is filed **by 4:30 p.m., December 19, 2005,** Cavalier shall be free to file with the Eleventh Circuit a motion to dismiss the appeal.

DONE this 12th day of December, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE